Hillsborough,
No. 5139.

DONALD R. WINSLOW, JR. *&a* *v.* FRED H. MAHFUZ *& a.*

Argued September 4, 1963.
Decided September 30, 1963.

*Jerome L. Silverstein* and *Charles F. Keeley* (*Mr. Keeley*

orally), for the plaintiffs.

*Devine, Millimet, McDonough, Stahl & Branch* and *John S. Holland* (*Mr. Holland* orally), for the defendant Cantara.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Kimon S. Zachos* (*Mr. Zachos* orally), for the defendant Mahfuz.

DUNCAN, J. The defendants deny liability to the plaintiffs upon the ground that Donald was a trespasser upon the roof from which he fell, and that no active intervention on their part contributed to cause the accident. *Labore* v. *Company*, 101 N. H. 123, 125. The plaintiffs assert that Donald was an invitee, or at the least a licensee whom the defendants had a duty to warn of risks of which they knew and which he was not likely to discover. *Mitchell* v. *Legarsky*, 95 N. H. 214, 216; *Cook* v. *Company*, 95 N. H. 397, 399; *Nickerson* v. *Association*, 96 N. H. 482; *Smith* v. *Animal Farm*, 99 N. H. 243, 246.

The facts outlined by the opening statement may be summarized as follows: On the afternoon of the accident, the defendant Mahfuz, who was in the business of repairing and cleaning rugs, was engaged in drying rugs upon the flat roof of a one-story garage belonging to the defendant Cantara, who had agreed that he might use it for that purpose. The garage adjoined the place where Cantara conducted his roofing business. Mahfuz was given access to the garage roof by means of a ladder furnished by Cantara. Mahfuz employed a thirteen-year-old boy named Chessan to supervise the rug drying, and to protect the rugs from accidental damage.

The plaintiff Donald, aged nine, lived in the neighborhood and was accustomed to purchase gum from a machine in the Cantara office, and to play in the yard beside the garage. Early in the afternoon he was invited to the roof by Chessan, who showed him how to reach it. After the boys had engaged in conversation and reading for some fifteen minutes, Chessan proceeded to pole vault on the roof, using a bamboo pole which was there. Donald then tried to vault, and after his first attempt was instructed by Chessan on how to hold the pole. On his second attempt Donald went over the edge of the roof, and in falling to the ground injured his hand upon a barbed wire fence beneath the roof.

Many children customarily played about the Cantara prem-

ises, and Donald had previously mowed some grass in the area for Cantara. The pole vaulting took place "in plain view of various agents and employees of the defendant Cantara who were busy working at that time." Donald was unaware of "the danger of falling off the roof and onto this barbed wire-like fence," and no warning of the danger was given him on behalf of either defendant, although Chessan was aware of the risk.

It is not claimed that any children had played upon the roof on any prior occasion, and it was a fair inference from the opening that Donald was on the roof for approximately a half hour only.

On the basis of the facts related in the opening statement, no finding could be made that Donald was an invitee of either defendant. The plaintiffs contend that since he was invited to the roof by the youthful employee of the defendant Mahfuz, the latter is bound by the invitation and by any negligence on Chessan's part. This presupposes that Chessan was authorized to invite the plaintiff to the roof, and that his conduct in encouraging the pole vaulting was in furtherance of his employment by Mahfuz. No such finding could properly be made from the facts related in the opening. Since there was no claim of invitation on the part of the defendant Cantara, Donald could not be found to have the status of an invitee of either defendant.

The contention that the defendants owed him a duty as a licensee is likewise unsupported by the facts outlined by counsel. If it were conceded that he came onto the premises as a licensee of the defendant Cantara it could not be found that this license extended to the roof. *Devost* v. *Company*, 79 N. H. 411. There was no claim of any conduct on the part of the defendant Mahfuz personally which could constitute either permission for or acquiescence in Donald's presence on the roof. So far as appeared, neither defendant knew of Donald's presence there, or had any reason or opportunity to warn him of the dangers inherent in his conduct there. As previously stated, the conduct of Chessan with respect to what occurred is not chargeable to his employer Mahfuz.

The limited duty owed by an owner or possessor of land to a licensee upon the premises has been well defined by the decided cases. It is the duty to exercise reasonable care to disclose dangerous defects known to the possessor which are likely to be undiscovered by the licensee. *Mitchell* v. *Legarsky*, 95

N. H. 214, 216; *Maxfield* v. *Maxfield*, 102 N. H. 101, 102. The argument made in this case that the defendants were under a duty to the plaintiffs because they "should have known" of Donald's presence on the roof and the risk of his falling off cannot be accepted.

We conclude that the facts stated for the plaintiffs would permit no finding that the defendants owed a duty to Donald as a licensee.

Since the evidence outlined by the plaintiffs' opening statement would not admit of a finding of liability on the part of either defendant, the motions for nonsuits should be granted. *Scammon* v. *Page*, 102 N. H. 404; *Labore* v. *Company*, 101 N. H. 123, *supra*.

*Judgments for the defendants.*

All concurred.